# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON COX and RAYMOND RAPKO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>H&R BLOCK, INC., HRB TAX GROUP, INC., and HRB TECHNOLOGY, LLC,<br><br>Defendants. | CIVIL ACTION NO. 3:CV-13-1101<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Class Action Complaint filed by Plaintiffs Cameron Cox and Raymond Rapko on behalf of themselves and all other persons similarly situated. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiffs commenced this action on or about April 25, 2013. Plaintiffs allege that this Court has jurisdiction over the action pursuant to diversity of citizenship, 28 U.S.C. § 1332(d), and the Class Action Fairness Act. (*Compl.*, ¶ 2.)

Plaintiff Cameron Cox is alleged to be "a resident of 418 Fairchild St., Nanticoke, Pennsylvania." (*Id*. at ¶ 6.) Plaintiff Raymond Rapko "is a resident of 103 Gross Drive, Aliquippa, Pennsylvania." (*Id*. at ¶ 7.)

Defendant H&R Block, Inc. "is a corporation organized and existing under the laws of the State of Missouri, with its headquarters located in Kansas City, Missouri." (*Id*. at ¶ 8.)

Defendant HRB Tax Group, Inc. is alleged to be "a corporation organized and existing under the laws of the State of Missouri with its headquarters located in Kansas City, Missouri." (*Id*. at ¶ 9.) Plaintiffs aver that Defendant HRB Technology, LLC "is a limited liability company organized and existing under the laws of the State of Missouri with its headquarters located in Kansas City, Missouri."

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(d). Section 1332(d)(2) gives district courts original jurisdiction to hear civil actions where the matter in controversy exceeds the sum or value of five million dollars ($5,000,000.00), and, as alleged in this case, is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to

2

resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this matter, Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Plaintiffs and Defendants.

**A.     Citizenship of Plaintiffs**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiffs "reside" in Pennsylvania, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  The Court therefore finds that the Complaint has not properly alleged Plaintiffs' citizenship for the purposes of diversity jurisdiction.

**B.      Citizenship of the Corporations**

The Complaint alleges that H&R Block, Inc. and HRB Tax Group, Inc. are Missouri corporations with their "headquarters located in Kansas City, Missouri." (*Compl.*, ¶¶ 8-9.) For diversity jurisdiction purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business").  A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77,130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010) (principal place of business should "normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings").

Therefore, insofar as Plaintiffs aver the corporate Defendants' headquarters are in Missouri, this allegation alone is insufficient to demonstrate corporate Defendants' principal place of business. *See, e.g., Kile v. Progressive Ins. Corp.*, No. 12-cv-218, 2012 WL 441173, at *2 (M.D. Pa. Feb. 10, 2012).

**C.     Citizenship of the Limited Liability Company**

Lastly, the Complaint alleges that the limited liability company Defendant is "organized and existing under the laws of the State of Missouri with its headquarters located in Kansas City, Missouri." (*Compl.*, ¶ 10.)  However, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); 1 *Federal Procedure, Lawyers Edition* § 1:176 (2011).  Here, as the Complaint fails to allege facts regarding the citizenship of the members of HRB Technology, LLC, the Court cannot determine that diversity jurisdiction exists in this case.

## III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure Rule 12(h)(3).  However, pursuant to 28 U.S.C. § 1653, Plaintiffs will be given the opportunity to demonstrate that diversity jurisdiction exists. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts").  As such, Plaintiffs will have twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in the action being dismissed.  An appropriate order follows.

April 30, 2013  /s/ A. Richard Caputo  
Date  A. Richard Caputo  
United States District Judge