**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAMERON COX and RAYMOND RAPKO, on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. 3:CV-13-1101 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| H&R BLOCK, INC., HRB TAX GROUP, INC., and HRB TECHNOLOGY, LLC, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the First Amended Class Action Complaint filed by Plaintiffs Cameron Cox and Raymond Rapko on behalf of themselves and all other persons similarly situated. (Doc. 5.) Because the First Amended Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs commenced this action on or about April 25, 2013. On April 30, 2013, the Court, *sua sponte*, ordered Plaintiffs to file an amended complaint to cure the defects with respect to the Complaint's averments as to the citizenship of Plaintiffs, corporate Defendants, and the limited liability company Defendant. (Docs. 3; 4.)

On May 2, 2013, Plaintiffs filed the First Amended Complaint. (*First Am. Compl.*) Plaintiffs allege that this Court has jurisdiction over the action pursuant to diversity of citizenship, 28 U.S.C. § 1332(d), and the Class Action Fairness Act. (*Id.* at ¶ 2.) With respect to Plaintiffs and corporate Defendants, the First Amended Complaint adequately

alleges the citizenship of these parties. (*Id*. at ¶¶ 6-9.)  The limited liability company Defendant, HRB Technology, LLC, however, is alleged to be "a limited liability company organized and existing under the laws of the State of Missouri, and its sole member is a citizen of Kansas City, Missouri." (*Id*. at ¶ 10.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(d). Section 1332(d)(2) gives district courts original jurisdiction to hear civil actions where the matter in controversy exceeds the sum or value of five million dollars ($5,000,000.00), and, as alleged in this case, is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."

2

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Here, the First Amended Complaint alleges that HRB Technology, LLC's "sole member is a citizen of Kansas City, Missouri." (*First Am. Compl.*, ¶ 10.) "The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); 1 *Federal Procedure, Lawyers Edition* § 1:176 (2011). Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420. In this case, Plaintiffs have failed to identify by name HRB Technology, LLC's sole member. And, without the identity of the member, the Court is unable to determine whether HRB Techology, LLC's citizenship has been sufficiently alleged. *See, e.g., World Wide Plumbing Supply Inc. v. DDI Sys. LLC*, No. 11 Civ. 5091, 2011 WL 5024377, at *2 (E.D.N.Y. Oct. 20, 2011) ("[plaintiff] is required to plead the identity and citizenship of each member of the LLC as each of their citizenships is imputed to the LLC."); *D.A. Opportunity Fund, LLC v. Rehm*, No. 10-cv-260, 2010 WL 5092246, at *1 (W.D. Wis. Dec. 8, 2010) (requiring plaintiff to allege the names of each member of the LLC).

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure Rule 12(h)(3). However,

pursuant to 28 U.S.C. § 1653, Plaintiffs will be given the opportunity to demonstrate that diversity jurisdiction exists. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts"). As such, Plaintiffs will have twenty-one (21) days in which to file a second amended complaint. Failure to do so will result in the action being dismissed. An appropriate order follows.

| | |
|---|---|
| May 14, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |